UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHELIA JACKSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>HARRAH'S ATLANTIC CITY OPERATING COMPANY LLC D/B/A HARRAH'S RESORT ATLANTIC CITY,<br><br>　　　　　　Defendants. | Civil Action No. 21-11853 (JXN) (MAH)<br><br>**OPINION** |

**NEALS**, District Judge

　　This matter comes before the Court by way of the Motion for Summary Judgment filed by Defendant Harrah's Atlantic City Operating Company, LLC, d/b/a Harrah's Resort Atlantic City ("Defendant" or "Harrah's") pursuant to Fed. R. Civ. P. 56. The Motion is opposed by Plaintiff Sheila Jackson ("Plaintiff" or "Jackson"), who claims that Defendant is liable to her for negligence in an alleged slip-and-fall incident that occurred at its casino. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, and venue is proper pursuant to 28 U.S.C. § 1441(a). The Court has reviewed the foregoing submissions and decides this matter without oral argument, pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's Motion is granted.

　　**I.　BACKGROUND**[1]

　　On August 11, 2019, Plaintiff was a patron at Defendant's casino in Atlantic City, New Jersey, when she slipped and fell on water that was on the floor. (*See* Deft.'s SMF ¶¶ 1, ECF No. 33-3.) Plaintiff did not see the ground in front of her while walking through the casino and

---

[1] For the sake of brevity, all citations to the parties' Rule 56.1 statements incorporate the evidentiary citations contained therein.

specifically did not see water on the ground prior to falling. (Deft's SMF ¶ 3.) Defendant provided a two-hour surveillance footage of the incident.[2] The video surveillance footage shows that at approximately 18:30:10, a patron is seen placing or dropping a cup on the floor. ((Deft's SMF ¶ 5; .) Fifty to fifty-three seconds later, at approximately 18:31:00, Plaintiff slips and falls on the floor in the location where the patron had placed or dropped the cup. (Deft's SMF ¶ 5; Pl.'s Supp SMF ¶ 5, ECF No. 34-3.) It was not until Plaintiff was on the floor after falling that she saw that her pants were wet, leading her to believe that there had been water on the ground. (Deft's SMF ¶ 9.)

According to Defendant, Harrah's employees were not notified of any liquid on the floor. (Deft's Br. at 3, ECF No. 33-2.) Defendant maintains that Harrah's employees walked through the area at least three times approximately 30 minutes prior to the incident and did not see or notice any substance on the floor. (*Id*. at 3.) Plaintiff contends that she did not see any of Harrah's personnel in the area while she was walking in the area in which she fell, nor did she alert Harrah's employees of the spill. (Deft's SMF ¶ 11.)

On April 29, 2021, Plaintiff filed this action for negligence, which Defendant removed to federal court on May 27, 2021, on diversity jurisdiction. (Notice of Removal, ECF No. 1.)

---

[2] Defendant has provided the Court with a USB drive containing video surveillance footage of the incident. (*See* Def.'s Ex. D.) However, the electronic file Defendant attempted to produce is corrupt and is thus inaccessible for the Court to review. In contrast, Plaintiff has made no attempt to provide the Court with any evidence of the specific portions of the video she believes precludes summary judgment. Generally, a plaintiff's failure to accompany her opposition to a motion for summary judgment with specific evidence means that the evidence is "never made part of the summary judgment record" and thus "cannot demonstrate the existence of a genuine issue for trial." *McCann v. Kennedy Univ. Hosp., Inc*., 596 F. App'x 140, 146 (3d Cir. 2014); *see also Toney v. Boardwalk Regency Corp*., No. 08-4072, 2010 WL 148805, at *3 (D.N.J. Jan. 13, 2010) (granting summary judgment in slip-and-fall action) (noting that plaintiffs failed to provide either still photographs of video surveillance footage or any portion of the video itself). However, because the video's existence and authenticity do not appear to be in dispute, the Court will rely on the parties' descriptions of the materially relevant portions of the footage for purposes of the instant Motion.

On July 29, 2022, Defendant moved for summary judgment, arguing that there are no genuine issues of material fact to show that Defendant had actual or constructive notice of the allegedly dangerous condition at issue. (ECF No. 33.) On August 26, 2022, Plaintiff opposed the motion (ECF No. 34), and Defendant replied in further support on August 30, 2022 (ECF No. 35). On October 7, 2022, after receiving permission from the Court, Plaintiff submitted a sur-reply (ECF No. 47).[3]

## II.  STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) ("A fact is material if—taken as true—it would affect the outcome of the case under governing law."). Moreover, "[a] dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Santini*, 795 F.3d at 416 (quoting *Anderson*, 477 U.S. at 248).

---

[3] A sur-reply brief may be permitted by the Court to respond to new arguments raised for the first time in a reply brief. *See Smithkline Beecham PLC v. Teva Pharm. U.S., Inc.*, Civ. A. Nos. 04-0215, 2007 WL 1827208, at *1 (D.N.J. June 22, 2007); *see also Zahl v. Local 641 Teamsters Welfare Fund*, No. 09-1100, 2010 WL 3724520, at *3 (D.N.J. Sept. 14, 2010) ("a sur-reply is meant only to address new issues raised by the opposing party for the first time in a reply brief. It is not meant to be used as a vehicle for providing the Court with arguments that could have been included in the earlier opposition brief") (internal citations and quotations omitted). Here, the Court finds that the arguments raised in Plaintiff's sur-reply are not in response to any new arguments raised for the first time in Defendants' Reply Brief (ECF No. 35) instead, Plaintiff attempts to put forth, for the first time, a mode-of-operations argument that Plaintiff failed to include in her original opposition. Thus, the Court declines to consider any new argument raised by Plaintiff in her sur-reply. The Court bases its decision on the arguments raised in the parties' other briefs with respect to Defendants' pending Motion for Summary Judgment.

The moving party bears the burden of identifying portions of the record that establish the absence of a genuine issue of material fact. *Id*. (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then "shifts to the nonmoving party to go beyond the pleadings and 'come forward with "specific facts showing that there is a genuine issue for trial."'" *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)). To survive a motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *See Anderson*, 477 U.S. at 256–57. "A nonmoving party may not 'rest upon mere allegations, general denials or ... vague statements....'" *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). When considering a motion for summary judgment, the court views the facts and all reasonable inferences drawn from the facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

### III.   DISCUSSION

Because the Court hears this case pursuant to diversity jurisdiction, it must apply state substantive law to Plaintiff's claim. *See Bezglasnaya v. Trump Ent. Resorts, Inc*., No. CIV. 11-564 JS, 2013 WL 796308, at *3 (D.N.J. Mar. 4, 2013) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996)).

To succeed on a negligence claim, a plaintiff must prove: "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015) (quotation marks omitted) (quoting *Polzo v. Cnty. of Essex*, 960 A.2d 375, 384 (N.J. 2008)). Under New Jersey law, "[b]usiness owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." *Choi*

*v. Costco Wholesale Corp.*, No. 22-3329, 2024 WL 658972, at *2 (3d Cir. Feb. 16, 2024) (quoting *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003). This duty of care "requires [the] business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." *Id*. Here, the parties do not dispute that Defendant owed Plaintiff a duty to maintain the premises in a reasonably safe condition. Instead, the instant Motion turns on the second prong—whether Plaintiff can adequately demonstrate that Defendant breached its duty.

When an invitee is injured on a business owner's property, the business owner "is liable for such injuries if the owner had actual or constructive knowledge of the dangerous condition that caused the accident." *Jeter v. Sam's Club*, 271 A.3d 317, 324 (N.J. 2022). An invitee seeking to hold the business owner accountable for negligence "must prove, as an element of the cause of action," that the business owner had actual or constructive knowledge of the hazard. *Prioleau v. Ky. Fried Chicken, Inc.*, 122 A.3d 328, 335 (N.J. 2015) (quoting *Nisivoccia*, 818 A.2d at 316). The absence of actual or constructive knowledge is "fatal" to a plaintiff's premises liability claim. *Arroyo v. Durling Realty, LLC*, 78 A.3d 584, 586 (N.J. Super. Ct. App. Div. 2013).

Concerning Defendant's actual knowledge, the Court finds that Plaintiff has not produced any evidence that these employees either saw the spill, knew of the spill, or were otherwise alerted to the spill. *See Kurc v. All Star One*, No. A-3316-16T1, 2018 WL 1865397, at *2 (N.J. Super. Ct. App. Div. Apr. 19, 2018) (finding that plaintiff failed to submit any evidence of employees' actual knowledge of dangerous condition). Without more, the Court finds that Plaintiff fails to demonstrate Defendant's actual knowledge of the water.

Next, a business owner has constructive notice "when the condition existed for such a length of time as reasonably to have resulted in knowledge and correction had the [business owner]

been reasonably diligent." *Jeter*, 271 A.3d at 324 (quotation marks omitted) (quoting *Troupe v. Burlington Coat Factory Warehouse Corp.*, 129 A.3d 1111, 1114 (N.J. Super. Ct. App. Div. 2016)). "Constructive notice can be inferred in various ways," such as eyewitness testimony or from "[t]he characteristics of the dangerous condition giving rise to the slip and fall." *Troupe*, 129 A.3d at 1114. However, "the mere existence of an alleged dangerous condition is not constructive notice of it." *Jeter*, 271 A.3d at 324 (cleaned up) (quoting *Arroyo*, 78 A.3d at 586).

Next, the Court considers whether Plaintiff has adduced sufficient evidence to establish Defendant's constructive knowledge of the spill. "Constructive knowledge refers to notice that a particular condition existed for such a length of time as reasonably to have resulted in knowledge of the condition, had the owner ... been reasonably diligent." *Kempf v. Target Corp.*, No. 06–1935, 2008 WL 305457, at *2 (D.N.J. Jan. 31, 2008) (citing *Parmenter v. Jarvis Drug Store*, 138 A.2d 548 (N.J. Super. Ct. App. Div. 1957)). However, the "mere [e]xistence of an alleged dangerous condition is not constructive notice of it." *Arroyo*, 78 A.3d at 586 (internal quotation marks omitted) (alterations in original). While Defendant owes a duty of ordinary care to its invitees, "[i]t is not an insurer for the safety of its patrons." *Znoski v. Shop-Rite Supermarkets, Inc.*, 300 A.2d 164, 165 (N.J. Super. Ct. App. Div. 1973).

"In most slip and fall cases there is a question of fact about whether defendant had reasonable notice of the dangerous condition." *Saunders v. Wal-Mart Stores Inc.*, No. 3:17-CV-03051, 2021 WL 11660392, at *7 (D.N.J. May 6, 2021), aff'd, No. 21-1941, 2022 WL 832050 (3d Cir. Mar. 21, 2022). Here, no such evidence has been shown. Specifically, Plaintiff has not alleged sufficient facts to create a genuine dispute regarding constructive notice. "In order for this issue to be decided by a jury, there must be some evidence to allow a factfinder to conclude that the water was on the floor for an unreasonable period of time before the accident occurred." (*Id.*) While

6

Plaintiff argues that "[t]he time of the spill is unknown" (Pl's Br. at 7), she has not proffered any evidence to show that the water existed on the floor longer than fifty seconds prior to her fall, or what length of time would be sufficient to show Defendant had constructive notice of the dangerous condition. Nor does Plaintiff demonstrate that Defendant's employees were presented with a reasonable opportunity to discover the water. Further, "Plaintiff offers no evidence that the water was so obviously visible, or that the employees were so close to the spill, that a reasonable jury could find that they should have discovered it." *Edwards v. Harrah's Atl. City Operating, LLC*, No. 121CV05546KMWEAP, 2023 WL 3173372, at *4 (D.N.J. Apr. 30, 2023) (citing *Troupe*, 129 A.3d at 1114 (granting summary judgment for failure to establish actual or constructive knowledge of dangerous condition)). Plaintiff herself did not notice the water prior to her fall. (*See* Jackson Cert., Ex. C, Pl.'s Dep. Tr. 31:5-15, ECF No. 33-7.) Simply put, Plaintiff has not put forward any additional facts that could lead to an inference that Defendant nevertheless had constructive notice of the spill on the day in question. "Holding [Defendant] liable without any facts that speak to constructive notice would essentially impose strict liability for all slip and fall accidents on its premises." *Saunders*, No. 3:17-CV-03051, 2021 WL 11660392, at *7.

In short, Plaintiff fails to demonstrate that Defendant "had actual or constructive knowledge of the dangerous condition that caused the accident." *Nisivoccia*, 818 A.2d at 316. To stave off summary judgment, Plaintiff must come forward with more than "bare assertions, conclusory allegations or suspicions." *Edwards*, 2023 WL 3173372, at *4 (quoting *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982)). Accordingly, because Plaintiff cannot prove that Defendant breached its duty of care, her negligence claims fail as a matter of law.

### IV. CONCLUSION

For the reasons articulated above, Defendant's Motion for Summary Judgment is GRANTED. An appropriate Order will be issued.

**DATED**: March 28, 2024

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
JULIEN XAVIER NEALS
United States District Judge